IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-65,623-03 & -04





EX PARTE BRODERICK EARL DAVIS, Applicant







ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


IN CAUSE NOS. 32,865A HC2 & 32,867A HC2 IN THE


268TH DISTRICT COURT FROM FORT BEND COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated robbery and sentenced to thirty-five years' imprisonment. The 14th Court of Appeals
affirmed his convictions. Davis v. State, Nos. 14-03-301-CR and 14-03-447-CR (Tex. App. - Hou.
[14th], delivered November 6, 2003, no pet. ) 

 Applicant contends that his trial counsel rendered ineffective assistance because at
punishment counsel failed to produce psychiatric experts or to adequately cross-examine the
complainants in mitigation of punishment. The trial court has concluded that Art. 11.07, § 4, Tex.
Code Crim. Proc., bars relief on these claims. However, Applicant's prior applications were
dismissed because they did not comply with the appellate rules, and therefore § 4 does not apply to
these applications.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. If no live
evidentiary hearing is conducted, the trial court shall provide Applicant's trial counsel with the
opportunity to respond to Applicant's claim of ineffective assistance of counsel, and then allow
Applicant an opportunity to present evidence supporting his allegations. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: February 14, 2007

Do not publish